sufficiency of the acts constituting the corporation, and not to considerations of public or private policy, such as the commission urges in the matter now before us.

The order appealed from should be reversed, and the prayer of the relator should be granted.

Order reversed, with $10 costs and disbursements, and motion granted, with costs.

JENKS, HOOKER, and MILLER, JJ., concur. HIRSCHBERG, P. J., votes to affirm on the opinion of Mr. Justice Mills at Special Term.

---

(120 App. Div. 571)

### In re WALKER.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

SCHOOLS—PUBLIC SCHOOLS—TEACHER'S LICENSE—ELIGIBLE LIST—CITY CHARTER—CONSTRUCTION.

New York City Charter, Laws 1897, p. 388, c. 378, § 1081, and Amended Charter, Laws 1901, p. 469, c. 466, § 1089, provide that the board of examiners shall hold such teachers' examinations as the city superintendent may prescribe and shall prepare all necessary eligible lists. The names of those to whom licenses have been granted, including those exempted from examination, duly licensed in the several boroughs prior to the date on which this act takes effect, shall be entered by the city superintendent upon lists to be filed in his office. Section 1103 of the original charter (section 1090 of the amended charter) provides for the promotion of principals and teachers "from the list of properly certified principals and teachers and other persons eligible." Held, that the provision relating to those duly licensed prior to the date of the act relates to those teaching in the city at the time the charter took effect, and does not entitle one who was licensed in 1871, and again in 1879, but who was not teaching in the city when the charter took effect, to have her name placed upon such list.

Appeal from Special Term, Queens County.

Application by Emma Walker for a peremptory writ of mandamus to William H. Maxwell, as superintendent of schools in the city of New York, directing said Maxwell to place said Walker's name upon the eligible list of persons holding teachers' licenses for promotion in the elementary public schools in the city of New York. From an order denying the writ, Walker appeals. Affirmed.

The following is the opinion of Garretson, J., in the court below.

Upon the uncontroverted facts it would seem that the relator would be entitled to the relief which she seeks in this proceeding, but for the fact that on the 1st day of January, 1898, when the Greater New York charter went into effect, she was not a teacher in any of the civil divisions consolidated and merged into the greater city. Relator was first licensed to teach July 1, 1871, by the city superintendent of public schools in the former city of Brooklyn, and again on June 7, 1879, by the city superintendent of the former city of New York. It may be assumed that she served in teaching employment in the schools of those cities under such licenses, respectively. It appears from the record, and was admitted on the argument, that in September, 1883, she resigned her position as teacher in the department of education in the then city of New York and remained out of the service for 18 years thereafter. On January 1, 1898, she was not teaching in any of the schools of the territory embraced within the present city. It is inferred that her present employment began in the year 1901.

The right to the relief asked for is dependent upon her status when the charter went into effect, and upon the construction and application of section 1081 of the original charter (Laws 1897, p. 388, c. 378), and of section 1089 of the amended charter (Laws 1901, p. 469, c. 466); the latter section being a continuance and amendment of the former, but making no substantial changes therein so far as it applies to this case. The section, among other things, provides: "The board of examiners shall hold such examinations as the city superintendent may prescribe and shall prepare all necessary eligible lists. * * * The names of those to whom licenses have been granted including those exempted from examination and those duly licensed in the several boroughs prior to the date on which this act takes effect shall be entered by the city superintendent upon lists to be filed in his office—a separate list being made for each grade or kind for which the board of education shall by its by-laws make provision; and such lists shall always be open to the inspection of the members of the board of education, the members of the school boards, the borough superintendents, the associate superintendents, the inspectors and the principals of schools; except as superintendent or associate superintendent as supervisor or director of a special branch, as principal of, or teacher in a training school or high school, no person shall be appointed to any educational position whose name does not appear upon the proper list." Section 1103 of the original charter (section 1090 of the amended charter) provides for the promotion of principals and teachers "from the list of properly certified principals and teachers and other persons eligible for service in the schools of the borough in the position to be filled."

Relator asks that the defendant city superintendent be required to place her name upon the eligible list (by whatever name said list be known) of persons holding "teacher's license for promotion" in the elementary public schools in the city of New York at the same point upon the said eligible list, relatively to the other names thereon, as that at which her name would have appeared if her name had been placed thereon as required by the section first cited. It was said in People ex rel. Sprague v. Maxwell, 87 App. Div. 391, 84 N. Y. Supp. 947: "It is clear that the Legislature intended, in providing for these eligible lists, that no names should be placed thereon except those of persons qualified to teach at the present time. The object of the provisions relating to those holding licenses from city superintendents was to continue upon the eligible list without further examination those engaged in teaching within the limits of Greater New York at the time the Greater New York charter took effect." Inasmuch as relator was not engaged in teaching within such limits when the charter took effect, she is not entitled to the benefits of the sections above cited.

It follows that the relator's application for a peremptory writ of mandamus should be denied, with $25 costs.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

David Ross, for appellant.
William B. Ellison, Corp. Counsel, for respondent.

PER CURIAM, Order affirmed, with costs, upon the opinion of Mr. Justice Garretson at Special Term.

---

(120 App. Div. 625)

ONEIDA STEEL PULLEY CO. v. NEW YORK LEATHER BELTING CO.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

1. PLEADING—ADMISSIONS—EFFECT OF GENERAL DENIAL.

Though, in an action for an accounting, plaintiff in its complaint admitted a credit, defendant having denied the allegations of the complaint, the admission was not conclusive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 81.]